# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE WARREN POWERS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:24-cv-01142-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Petitioner Jake Warren Powers is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

///

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq*. "As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). "If the informal complaint does not resolve the dispute, the inmate may make an 'Administrative Remedy Request' concerning the dispute to the prison Warden using a BP–9 form." Nunez, 591 F.3d 1219. "If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director using a BP–10 form." Nunez, 591 F.3d 1219. "The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP–11 form." Nunez, 591 F.3d 1219. A final decision from the Office of General Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

Here, the petition states that Petitioner did not appeal the decision, file a grievance, or seek an administrative remedy. (ECF No. 1 at 2–6.[2]) The petition fails to show that any exceptions to exhaustion are applicable. Petitioner states that he did not have enough time to exhaust any administrative remedies because he is asking to be released on September 28, 2024. (Id. at 7.) However, such reasoning does not establish that administrative remedies would be futile or the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.

///

///

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust administrative remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **October 2, 2024**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE