# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE WARREN POWERS,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN,<br><br>   Respondent. | Case No. 1:24-cv-01142-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Jake Warren Powers is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has not exhausted his administrative remedies, the undersigned recommends dismissing the petition for writ of habeas corpus without prejudice for nonexhaustion.

## I.

## BACKGROUND

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota"). (ECF No. 1 at 1.[1]) On September 26, 2024, Petitioner filed a § 2241 habeas petition, raising the following claims: (1) failure to reduce Petitioner's recidivism level to a low risk despite Petitioner having completed multiple evidence based recidivism reduction and productive activities programs; (2) failure to find Petitioner eligible for Second Chance Act credits; and (3) improperly excluding Petitioner from applying First Step Act earned time credits. (ECF No. 1 at 6.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On October 3, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies. (ECF No. 5.) On October 21, 2024, Petitioner filed a response. (ECF No. 7.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq*. "As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010).  "If the informal complaint does not resolve the dispute, the inmate may make an 'Administrative Remedy Request' concerning the dispute to the prison Warden using a BP–9 form." Nunez, 591 F.3d 1219. "If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director using a BP–10 form." Nunez, 591 F.3d 1219. "The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the

---

[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

BOP using a BP–11 form." Nunez, 591 F.3d 1219. A final decision from the Office of General Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

Here, the petition states that Petitioner did not appeal the decision, file a grievance, or seek an administrative remedy, and that Petitioner did not have enough time to exhaust any administrative remedies because he is asking to be released on September 28, 2024. (ECF No. 1 at 2–7.) In his response to the order to show cause, Petitioner states that based on BOP Program Statement 1330.18, staff members do not have a deadline to respond to an informal resolution BP–8 form. Petitioner argues that "[w]hen the agency involved has predetermined the issue before it, this is a recognized circumstance in which the interest of the individual weigh[s] heavily against requiring administrative exhaustion, which as stated in my original filing the asking release date of 9-28-24 has already passed, making the citation of the above reference proving true in this[.]" (ECF No. 7.) Additionally, Petitioner contends that "this case involves only a statutory interpretation issu[e] divorce[d] from any particular facts relating to me," and thus, "[t]here is no need to develop the record through administrative proceedings[.]" (Id.)

The fact that Petitioner was requesting a release date of September 28, 2024 and the BOP Program Statement does not provide a deadline to respond to an informal resolution BP–8 form does not establish that administrative remedies would be futile, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable injury. See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (finding no exception to exhaustion requirement because petitioner supplied no evidence indicating that appeals process was so lengthy as to be extraordinary). Further, contrary to Petitioner's contention, the claims in his petition would require factual determinations regarding which programs Petitioner has completed, in which programs Petitioner is enrolled, Petitioner's recidivism level, etc. Therefore, an administrative appeal to develop the factual record would be appropriate. See Ruviwat, 701 F.2d at 845 ("the requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum"). Finally, the Court is cognizant that in the "context of the prudential exhaustion of administrative remedies, the issue of whether 'relaxation of the

requirement would encourage the deliberate bypass of the administrative scheme' is a key consideration." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)). Accordingly, dismissal is warranted for nonexhaustion.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 11, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

4