UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE WARREN POWERS,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>        Respondent. | No. 1:24-cv-01142-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. 9) |

Petitioner Jake Warren Powers is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 12, 2024,[1] the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition for nonexhaustion. Doc. 9. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. *Id.* On December 18, 2024, petitioner filed objections. Doc. 10.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the

---

[1] The findings and recommendations were signed on November 11, 2024, but not docketed until November 12, 2024.

1

Court holds the findings and recommendations to be supported by the record and proper analysis. The findings and recommendations correctly explained that no exception to the exhaustion requirement applies. Doc. 9 at 2–3. Furthermore, the reasons courts typically demand that a petitioner exhaust administrative remedies before coming to federal court are present here: exhaustion of administrative remedies will "allow[] the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 2023). Development of a factual record is particularly important here because petitioner's claims are fact-dependent and evidence of those facts is noticeably lacking; petitioner's filings do not include any supporting documentation, including any documentation to support his assertion that he completed programs which would entitle him to Second Chance Act credits. *See* Docs. 1, 7, 10.

In his objections, petitioner asserts that a correctional officer told petitioner that prison staff would not consider granting the relief that petitioner requests here if he were to initiate the informal resolution process called for by 28 C.F.R. § 542.13. *See* Doc. 10 at 1. Petitioner also asserts that he did not raise this concern earlier because he feared retaliation from prison staff. *See id.* Courts have routinely held, however, that an unsupported allegation of this nature is insufficient to defeat dismissal. *See, e.g.*, *M.F. v. Reish*, No. 95 Civ. 4904 (SAS), 1996 WL 221601, at *3 n.4 (S.D.N.Y. May 1, 1996) (rejecting prisoners' arguments that they should be excused from exhaustion requirements based on unsupported allegation that prison staff refused to provide grievance forms and noting that they could have but did not raise the issue with the prison staff's superiors); *Paulino v. Garcia*, No. 02 Civ. 209 (LAP), 2003 WL 21939703, at *3 (S.D.N.Y. Aug. 12, 2003) (collecting cases that a prisoner cannot defeat a motion to dismiss for failure to exhaust by making an "unsupported argument that the BOP made it impossible to exhaust administrative remedies"). Furthermore, even if the correctional officer had made such a statement, this would not be sufficient for the Court to find that the entire BOP grievance process had been rendered futile. The correctional officer's alleged statement is not evidence that the

warden or any other superior of the correctional officer would have denied petitioner's request.

Moreover, 28 C.F.R. § 542.14(d)(1) permits a prisoner to submit his initial filing directly to the Regional Director if "the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." To the extent petitioner feared retaliation from prison staff, he could have submitted his initial filing directly to the Regional Director. *Cf. Reish*, 1996 WL 221601, at *3 n.4 (noting that if prisoners were denied help from prison staff with their grievance forms, they could contact the Regional Director or General Counsel). Petitioner's objections thus do not warrant a different result than that recommended by the magistrate judge.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly:

1. The findings and recommendations issued on November 12, 2024, Doc. 9, are ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED without prejudice; and
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   January 19, 2025                                         _____
                                                                                    UNITED STATES DISTRICT JUDGE

3